UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROYEL PAGE,

        Petitioner,

v.

        Case No. 25-cv-1013-mys

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

A jury convicted Royel Page on twelve counts of heroin distribution (21 U.S.C. § 841(a)) and one count drug conspiracy (21 U.S.C. § 846). The court sentenced him to 90 months' imprisonment on each count to be served concurrently. Page appealed his conspiracy conviction, contending that the government did not present sufficient evidence to sustain his conviction and that the district court plainly erred by failing to *sua sponte* give a buyer-seller jury instruction. A Seventh Circuit panel agreed with Page's second argument and remanded his case for a new trial. The Court of Appeals then voted to rehear the case *en banc*, vacated the panel's opinion, and, in the end, affirmed Page's conviction and sentence. Page now brings this 28 U.S.C. § 2255 motion.

In a § 2255 proceeding, the court first reviews and screens the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

1

notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under § 2255 must allege either that his sentence violated the Constitution or laws of the United States, that the district court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a).

At the screening stage, then, the court considers whether the petitioner has raised claims that can be adjudicated in a § 2255 proceeding, whether the petitioner has exhausted his claims, and whether he filed the motion within the limitation period.

Page asserts that his two trial attorneys rendered constitutionally inadequate representation by failing to file suppression motions for alleged illegally-obtained evidence. Page did not raise this issue on direct appeal.

The general rule is that failure to raise a claim on direct appeal prevents the court from considering that claim in a § 2255 motion. See *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). Claims of ineffective assistance of counsel, however, are an exception to the rule and may be brought for the first time in a § 2255 motion. See *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Because

2

Page's ineffective assistance of counsel claim is cognizable under § 2255 and not subject to the exhaustion requirement, he may proceed on that claim.

Page also alleges that various law enforcement officers conducted searches without probable cause and that a state trial judge withheld evidence in violation of his Fourth, Fifth, and Fourteenth Amendment rights. That evidence was then used at his federal trial, he continues, rendering his conviction unlawful. Because Page did not raise these claims in his direct appeal, he appears to have procedurally defaulted the argument. But procedural default "is an affirmative defense that the State is obligated to raise and preserve, and consequently one that it can waive." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (citations omitted). So it is up to the government to determine whether to raise procedural default as a defense to these aspects of Page's § 2255 motion.

The court **ORDERS** that Page may proceed on the grounds stated in his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255—ineffective assistance of counsel and claims concerning illegally obtained or withheld evidence. Dkt. No. 1.

The court **ORDERS** that within 60 days of the date of this order, the government shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing § 2255 Cases, and showing cause, if any, why post-conviction relief should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits:

(1) Page has 45 days after the government files the answer to file a brief in support of his petition;

(2) the government has 45 days after Page files his initial brief to file a brief in opposition;

(3) Page has 30 days after the government files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the government files a dispositive motion:

(1) the government must include a brief and other relevant materials in support of the motion;

(2) Page then must file a brief in opposition to that motion within 45 days of the date the government files the motion;

(3) the government has 30 days after Page files his opposition brief to file a reply brief, if it chooses to file such a brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the § 2255 motion and any dispositive motions must not exceed 30 pages, and reply briefs must not exceed 15 pages—not counting any statements of fact, exhibits, and affidavits. The court asks the parties to double-space any typed documents.

Page must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Page that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court also advises him of his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Page's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 30th day of July, 2025.

**BY THE COURT:**

s/ *Michael Y. Scudder*
_____
**HON. MICHAEL Y. SCUDDER**