UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROYEL PAGE,

Petitioner,

v.

Case No. 25-cv-1013-MYS

UNITED STATES OF AMERICA,

Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

A jury convicted Royel Page on twelve counts of attempted heroin distribution (21 U.S.C. §§ 841(a), 846) and one count of drug conspiracy (21 U.S.C. §§ 841(a), 846). See *United States v. Page*, No. 2:17-cr-00175-MYS-9 (E.D. Wis. Nov. 22, 2021), Dkt. 594. The district court sentenced him to 90 months' imprisonment on each count to be served concurrently. See *id.* Page appealed his conspiracy conviction, contending the government failed to present sufficient evidence to sustain the conviction and that the district court plainly erred by not providing a buyer-seller jury instruction on its own motion. See *United States v. Page*, 123 F.4th 851, 856 (7th Cir. 2024) (en banc). Page

originally prevailed on appeal, but then the Seventh Circuit sitting en banc vacated the panel opinion and affirmed the conviction and sentence. See *id.* at 856–57.

Page now moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Dkt. 1. He offers three possible grounds. First, he claims that the government violated the Fourth, Fifth, and Fourteenth Amendments by using illegally obtained evidence. See *id.* at 6–7. Second, he alleges that his trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to move to suppress the evidence found during a search of his Milwaukee residence conducted by law enforcement. See *id.* at 7; see also Dkt. 6 at 2–9. And third, he claims that law enforcement violated the First Amendment by searching another residence in retaliation for his decision to exercise his rights. See Dkt. 1 at 8.

The first and third grounds are undeveloped and therefore waived. See *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[P]erfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). They are also procedurally defaulted because Page never raised them on direct appeal. See *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted.").

The second ground fails as well. "To make out a successful ineffective assistance of counsel claim, the [movant] must demonstrate that: (1) his counsel's performance fell

below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984)). "These are at best difficult showings to make." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024) (cleaned up). "We presume that counsel is effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002).

Page's lawyers reasonably did not move to suppress the evidence found during a search of his Milwaukee residence on September 20, 2017. The search proceeded in two steps. Law enforcement first secured a warrant to have a K9 sniff the exterior of Page's home. See Dkt. 7-1 at 7. That search occurred on September 16, 2017, and, while at the home's front door, the K9 alerted to an odor of illegal narcotics coming from the residence. *Id.* at 9. Law enforcement then secured a warrant to search the premises for narcotics and firearms. See *id.* at 2. The search occurred on September 20, 2017, and turned up evidence of heroin and related sales activity. See *United States v. Page*, No. 2:17-cr-00175-MYS-9 (E.D. Wis. Feb. 18, 2022), Dkt. 612 at 293–365 (transcribing Officer Robert Gregory's trial testimony).

Probable cause supported the K9-sniff warrant. Anthony E. Stoner had recently told law enforcement that he had purchased heroin from "Slick" at Slick's residence "near N. 22nd St. and W. Wright St." in Milwaukee. Dkt. 7-1 at 6. Law enforcement showed

Stoner a Google Maps photo of Page's home, and Stoner identified it as Slick's residence. See *id.* Stoner then described Slick's appearance in a way that was consistent with Page's appearance before identifying a photo of Page as one of Slick. *Id.* at 6–7. This tip was enough to establish probable cause to perform a K9 sniff for narcotics at Page's home. See *United States v. Roland*, 60 F.4th 1061, 1064 (7th Cir. 2023) ("To establish probable cause, a warrant application must contain facts that … allow for a reasonable inference that there is a fair probability that evidence will be found in a particular place." (cleaned up)).

Probable cause supported the premises warrant as well. The K9 indicated that it smelled narcotics in Page's residence, see Dkt. 7-1 at 9, which corroborated Stoner's tip. That was enough to establish probable cause to search the home for narcotics and firearms. See *United States v. Plancarte*, 105 F.4th 996, 1001 (7th Cir. 2024) (collecting cases concluding that K9 sniffs provide probable cause). Page provides no evidence that the warrant affidavit made false statements or omitted material facts. Cf. *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978).

At minimum, a reasonably competent attorney could have concluded that law enforcement relied on the warrants and performed these searches in good faith. An Assistant District Attorney reviewed both warrant applications, and a Milwaukee County Court Commissioner approved them. See Dkt. 7-1 at 2, 7, 15. Absent any contrary evidence, that allows for a reasonable inference of good faith. See *United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002) ("An officer's decision to obtain a warrant is *prima facie*

evidence that he or she was acting in good faith."); *United States v. Lickers*, 928 F.3d 609, 619 (7th Cir. 2019) ("Overcoming the presumption of good faith is no small feat, as an officer cannot ordinarily be expected to question a judge's probable cause determination.").

No evidentiary hearing is necessary. See *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990) ("[W]hen considering § 2255 petitions, if a court determines that the record standing alone conclusively demonstrates that a petitioner is entitled to no relief, then no hearing is required."); *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) ("Mere unsupported allegations cannot sustain a petitioner's request for a hearing.").

For these reasons, the court **DENIES** Page's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

Dated in Milwaukee, Wisconsin this 5th day of August, 2026.

**BY THE COURT:**

s/ *Michael Y. Scudder*
**HON. MICHAEL Y. SCUDDER**
**Circuit Judge, United States Court of Appeals for the Seventh Circuit**